CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
JAN 2 8 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY RAY VINCIL, | ) |
| Plaintiff, | ) Case No. 7:09CV00511 |
| v. | ) MEMORANDUM OPINION |
| NEW RIVER VALLEY REGIONAL JAIL, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Larry Ray Vincil, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Vincil alleges that unidentified individuals at the New River Valley Regional Jail have deprived him of heart medication. Upon review of the record, the court finds that the complaint must be summarily dismissed as legally frivolous, because Vincil has sued a defendant not subject to suit under § 1983.

## Background

Vincil's complaint itself is brief:

> I have a [defibulator] on my heart. I have had 5 heart attacks. The New River Valley Regional Jail has not been giving me my heart medication since October 19, 2009.

Vincil does not state what individual jail officials he wishes to sue or what relief he wishes to achieve through this lawsuit.

Upon receipt of the complaint, the court notified Vincil that the case was filed conditionally and that if he wanted to go forward with the action, he would have to consent to

payment of the $350.00 filing fee and amend his complaint to identify proper defendants and to state what each defendant had done to violate his rights. Vincil has returned his executed consent form, but he has not amended the complaint. The time allotted for his response has expired.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (finding that previous version of § 1915 gives judges "authority to dismiss a claim based on an indisputably meritless legal theory"). After review of Vincil's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983 against the only defendant he identifies.

Vincil has named only one defendant: the New River Valley Regional Jail. As the court informed Vincil in its previous order, this entity is not a person subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Because plaintiff has not named any other defendants, although having been granted an opportunity to do so, his action must be dismissed without prejudice as legally frivolous.

## Conclusion

For the stated reasons, the court concludes that the complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), because it fails to state any actionable claim against the only defendant that plaintiff has named. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of January, 2010.

_____
United States District Judge